**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| JOHN ZHAO * | |
| LINDA LIYING LIU * | |
| * | COMPLAINT |
| Plaintiffs, * | |
| * | |
| v. * | |
| * | JURY TRIAL DEMANDED |
| GLOBAL CREDIT NETWORK, LLC, * | |
| JANE DOE 1 * | |
| JANE DOE 2 * | |
| FANNIE DOE * | |
| Defendants * | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiffs, and Defendants' defamation of Plaintiff Linda Liying Liu by falsely reporting negative information to the credit reporting agencies.

3. Venue is proper in this District because Defendant's principal place of business is located here.

**PARTIES**

4. Plaintiffs John Zhao and Linda Liying Liu are a married couple who reside in Fairfax County, Virginia, and as defined by 15 U.S.C. § 1692a(3) are persons with standing to bring a claim under the FDCPA, pursuant to 15 U.S.C. §§ 1692k(a), by virtue of being directly affected by a violation of the Act.

5. Defendant Global Credit Network, LLC ("Global") is a debt collection company with its principal place of business located at 20010 Century Blvd, Suite 420, Germantown, MD 20874. Defendant Global is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it company collecting a consumer debt owed by another person.

6. Defendant Jane Doe 1 is a natural person who was employed at all times relevant herein by Defendant Global as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jane Doe 2 is a natural person who was employed at all times relevant herein by Defendant Global as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Fannie Doe is a natural person who was employed at all times relevant herein by Defendant GB as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In the summer of 2008, Plaintiffs received a collection letter from Defendant Global for a debt purportedly owed by Plaintiff Linda Liying Liu to Shady Grove Adventist Hospital

10. The amount being collected on was for a Diagnostic Medical Imaging procedure performed in late 2007.

11. Plaintiff Zhao called Defendant Global notifying them that he had received this bill, but that this debt did not belong to his wife.

12. Plaintiff Zhao indicated that they currently lived in Virginia and had not lived in Maryland for at least 10 years.

13. The representative, Defendant Jane Doe 1, told Plaintiff Zhao that she would "take care of it".

14. Afterwards there was no further contact by Defendant Global or its employees until May 2011.

15. In May 2011, Plaintiffs were in the process of buying a new house and were attempting to get a mortgage loan.

16. The Plaintiffs were working with Liu Han, a loan officer from Top One Mortgage, to procure these monies from Provident Financial Bank.

17. On or around May 14, 2011, Ms. Han ran Plaintiffs' credit report where she noticed a delinquent account that had apparently been sent to collections.

18. Upon further examination, Plaintiffs noticed that the entry was for a medical bill.

19. Plaintiffs suspected that it was reported by Defendant Global so on or about May 14, 2011, Plaintiff Zhao called the number listed on Plaintiff Liu's credit report.

20. When the person who answered the phone, Jane Doe 2, identified herself as an employee of Defendant Global, Plaintiff Zhao explained that her company had wrongly reported debt on Plaintiff Liu's credit report

21. Plaintiff Zhao also explained that 2 years prior he had talked to a representative of Defendant Global (Defendant Jane Doe 1) and that she said she would "take care of it".

22. Plaintiff Zhao explained that he was upset since instead of the mistake being resolved, it was instead reported to the credit reporting agencies.

23. Plaintiff Zhao asked Defendant Jane Doe 2 to take it off since it was not his wife's debt.

24. Defendant Jane Doe 2 disregarded everything that Plaintiff Zhao had said and arrogantly asked if he was going to pay it.

25. Plaintiff Zhao explained he was in the process of buying a house, that this matter was urgent, and that this inaccurate reporting was holding up the process.

26. Defendant Jane Doe 2 again told him the only way she would remove this item from the credit report was if he paid that debt, which she asserted that his wife owed.

27. Plaintiff Zhao was highly upset that Defendant Global's error could potentially jeopardize his and his wife's home purchase.

28. Plaintiff Liu was depressed and stressed because the home buying process was being further complicated by Defendants' conduct.

29. Plaintiff Zhao was advised by the loan officer to just pay off the debt so that he could complete the loan approval process.

30. After much deliberation, and believing he had no other remedy, Plaintiff Zhao decided to pay the debt.

31. On or about May 16, 2011, Plaintiff Zhao called Defendant Global and again explained that the debt was not Plaintiff Liu's and asked if there was anything he could do to get them to remove the negative reporting.

32. Defendant Jane Doe 2 told Plaintiff Zhao that if he didn't want the debt reported, he or his wife should have paid it on time.

33. Tired of arguing, Plaintiff Zhao arranged to make a payment via credit card which included the underlying debt and a processing fee.

34. Plaintiff Zhao asked for a receipt that he could show the loan officer that the debt had been paid, and the representative told him she would send it to him immediately.

35. Plaintiffs waited a few days for the receipt to come, but it never appeared.

36. About a week after this second call, Plaintiff Zhao contacted Defendant Global and told them that the receipt still had not come, and that his loan officer needed the receipt to close his mortgage loan.

37. Defendant Jane Doe 2 told Plaintiff Zhao that the receipt had been sent and that he should expect to see it in the mail soon.

38. Plaintiffs waited another week for the receipt to come, but it still did not appear.

39. Plaintiff Zhao then contacted Defendant Global and told them that the receipt still had not come, and reiterated the urgency for which he needed this receipt.

40. After much hassle by Defendant Jane Doe 2, she eventually transferred Plaintiff Zhao to Defendant Fannie Doe.

41. Defendant Fannie Doe explained that the receipt was mailed to an address in Rockville, Maryland.

42. Plaintiff Zhao explained again that he and his wife had not lived in Maryland for over 10 years and asked that the receipt be faxed to him.

43. Defendant Fannie Doe instructed him to fax over a signed written request for the writing.

44. Plaintiff Zhao complied and sent over this request, a copy of which is attached as **Exhibit A**.

45. Soon afterward, Plaintiff Fannie Doe faxed the receipt back to Plaintiff Zhao, a copy of which is attached as **Exhibit B.**

46. After receiving the receipt and quickly reviewing it, Plaintiff Zhao noticed that the bill was addressed to a person with a different name and to an address they had never lived at - the person who actually owed the hospital bill.

47. Plaintiffs were further outraged that it appeared that Defendants had known that it was not Plaintiff Liu's debt but still falsely reported this debt to the credit reporting agency and leveraged Plaintiffs' mortgage situation to force them to pay it.

*Respondeat Superior Liability*

48. The acts and omissions of Defendants Jane Doe 1, Jane Doe 2, and Fannie Doe, who communicated with Plaintiffs as further described herein, were committed within the time and space limits of the formers' agency relationship with their principal, Defendant Global.

49. The acts and omissions by Defendant Jane Doe 1, Jane Doe 2, and Fannie Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Global in collecting consumer debts.

50. By committing these acts and omissions against Plaintiff, Defendants Jane Doe 1, Jane Doe 2, and Fannie Doe were motivated to benefit their principal, Defendant Global.

51. Defendant Global is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff's son.

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(1), 1692d(6), 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692f(5), amongst others.

54. Due to the illegal abusive collection practices by Defendant Global and its principal, Plaintiffs have suffered actual damages in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions

55. As more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiffs and caused them unnecessary personal strain in their marital relationship.

56. As a result of each Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiffs pray that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiffs;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiffs;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. DEFAMATION

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Defendant Global published the negative report to Experian, Equifax, and Trans Union, and through Experian, Equifax, and Trans Union, to all of Plaintiff Liu's potential lenders.

59. This Defamation was willful – Defendants Global and its employees did not have any reasonable basis to believe that Plaintiff Liu was responsible for the account reported.

60. Defendants also had substantial evidence by which they could have verified that Plaintiff Liu was not the person who incurred the debt in question.

61. Defendants willfully followed procedures which did not review, confirm or verify the identity of person to who incurred the underlying debt.

62. Even if Defendants would attempt to plead ignorance prior to 2008, it had all of the evidence and information with which to confirm and recognize that Plaintiff Liu was not the one who incurred the debt in question after the events previously alleged in this Complaint.

63. Plaintiffs would further allege that Defendant willfully and maliciously reported this negative information in direct response to Plaintiff Zhao's explanation that the debt did not belong to Plaintiff Liu.

64. As a result of each Defendant's action and inaction, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denial.

WHEREFORE, Plaintiffs pray that judgment be entered against each Defendant:

a) For an award of actual damages against each Defendant and for Plaintiffs;

b) For an award of punitive damages against each Defendant and for Plaintiffs;

c) For an award of costs of litigation and reasonable attorney's fees against each Defendant and for Plaintiffs; and

d) For such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

62. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 26th day of September, 2011;

JOHN ZHAO & LINDA LINGYI LIU

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com